# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SOLIS-TORRES,<br><br>Petitioner,<br><br>v.<br><br>FCI MENDOTA WARDEN,<br><br>Respondent. | Case No. 1:23-cv-00358-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy that excludes inmates with immigration detainers from applying their First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (ECF No. 1.) Petitioner requests that the Court direct the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (Id. at 7.)[1] Respondent has moved to dismiss the petition, arguing, among other grounds, that "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another federal court." (ECF No. 10 at 3.) Respondent attached a

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

copy of the Department of Homeland Security Immigration Detainer – Notice of Action that shows a "final order of removal" has been issued against Petitioner, (ECF No. 10-1 at 34), but did not provide the Court with a copy of the purported final order of removal itself. In accordance with the Court's order, (ECF No. 11), Respondent subsequently filed a copy of the final order of removal, (ECF Nos. 15, 19). Although Petitioner did not file a formal opposition or statement of non-opposition to the motion to dismiss, in response to Respondent's request for an extension of time to submit the purported final order of removal, Petitioner states that "there is no 'Final Order of Removal,' Petitioner has never seen a[n] Immigration Judge and Petitioner has nothing more th[a]n a[n] Immigration Detainer." (ECF No. 14.)

## II.

## DISCUSSION

The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). With respect to earned time credits, 18 U.S.C. § 3632(d)(4)(A) provides:

> A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
>> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>>
>> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A). Prisoners can then apply these time credits towards prerelease custody or supervised release as set forth in subparagraph (C):

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of

> the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C). However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).

Here, the record before the Court reflects that an order of expedited removal under section 235(b)(1) of the Immigration and Nationality Act was issued on February 14, 2023, with respect to Petitioner.[2] (ECF No. 19; ECF No. 10-1 at 27, 34.) As Petitioner is "the subject of a final order of removal under any provision of the immigration laws," 18 U.S.C. § 3632(d)(4)(E)(i), Petitioner is statutorily ineligible to apply earned time credits towards prerelease custody or supervised release and cannot obtain the relief he seeks in the petition. Therefore, Respondent's motion to dismiss should be granted.[3]

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 10) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be

---

[2] Although Petitioner may not have appeared before an immigration judge, (ECF No. 14), "[e]xpedited removal proceedings involve, as the name suggests, a streamlined process through which certain non-citizens . . . may be removed from the United States without a hearing before an immigration judge. Expedited removal orders are entered by DHS immigration officers, not by immigration judges, and judicial review of such orders is severely curtailed." Alvarado-Herrera v. Garland, 993 F.3d 1187, 1190 (9th Cir. 2021).

[3] In light of this conclusion, the Court declines to address Respondent's other grounds for dismissal set forth in the motion to dismiss.

3

captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 21, 2023**

UNITED STATES MAGISTRATE JUDGE