**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO SOLIS-TORRES,<br><br>Petitioner,<br><br>v.<br><br>FCI MENDOTA WARDEN,<br><br>Respondent. | No. 1:23-cv-0358 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 10, 21) |

Francisco Solis-Torres is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he "earned time credits which, under the First Step Act, entitled him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his earned time credits because of his immigration status." (Doc. 1 at 6.) Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that he is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court." (Doc. 10 at 1, 3.)

The magistrate judge noted: "Although Petitioner did not file a formal opposition or statement of non-opposition to the motion to dismiss, in response to Respondent's request for an extension of time to submit the purported final order of removal, Petitioner states that [there is no 'Final Order of Removal,' Petitioner has never seen a[n] Immigration Judge and Petitioner has

1

1   nothing more th[a]n a[n] Immigration Detainer." (*Id.*, citing Doc. 14 [modifications in original].)
2   The magistrate judge found that "an order of expedited removal under section 235(b)(1) of the
3   Immigration and Nationality Act was issued on February 14, 2023, with respect to Petitioner."
4   (*Id.* at 3, citing Doc. 19 and Doc. 10-1 at 27, 34.)  The magistrate judge observed such an
5   "expedited removal" includes a process for "certain non-citizens… without a hearing before an
6   immigration judge." (*Id.* at 3 n.2, quoting *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1190
7   (9th Cir. 2021).)  Because Petitioner is the subject of a removal order under immigration laws, the
8   magistrate judge found "Petitioner is statutorily ineligible to apply earned time credits towards
9   prerelease custody or supervised release and cannot obtain the relief he seeks in the petition."
10  (*Id.*, citing 18 U.S.C. § 3632(d)(4)(E)(i).)  Therefore, the magistrate judge recommended the
11  motion to dismiss be granted. (*Id.*)

12          Petitioner filed objections to the Findings and Recommendations, reiterating his assertion
13  that "time credits should be applied and Petitioner should be released." (Doc. 22 at 2.)  Petitioner
14  maintains "nothing has been issued by an Immigration Judge." (*Id.*)

15          Petitioner's objections do not meaningfully respond to the findings of the magistrate
16  judge.  As the magistrate judge observed, the record before the Court shows a final order of
17  removal was issued regarding Petitioner, and Petitioner was the subject of an expedited removal.
18  (*See* Doc. 10-1 at 34; *see also* Doc. 19 [under seal].)  The Ninth Circuit explained, "Expedited
19  removal proceedings involve, as the name suggests, a streamlined process through which certain
20  non-citizens … may be removed from the United States *without a hearing before an immigration*
21  *judge*." *Alvarado-Herrera*, 993 F.3d at 1190, citing 8 U.S.C. § 1225(b)(1) (emphasis added).
22  Furthermore, "[e]xpedited removal orders are entered by DHS immigration officers, *not by*
23  *immigration judges*. *Id.* (emphasis added); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (noncitizens
24  subject to removal orders are not afforded a hearing before an immigration judge or review of the
25  removal order).  Thus, although Petitioner protests that he did not see an immigration judge—and
26  suggests that as a result there is no removal order—the expedited removal process did not require
27  an immigration judge to enter the order of removal.

28          According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

2

case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 21, 2023 (Doc. 21) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**March 26, 2024**__                          /s/ Jennifer L. Thurston
                                                                       UNITED STATES DISTRICT JUDGE

3